UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| SJM INVESTMENTS LLC d/b/a DAYS INN, <br><br> Plaintiff, <br><br> -against- <br><br> PALOMAR SPECIALTY INSURANCE COMPANY, <br><br> Defendants. | **COMPLAINT** <br><br> **Civil Action No.:**  1:23cv275 HSO-BWR |

## INTRODUCTION

COMES NOW, SJM Investments LLC, a Limited Liability Company, duly licensed to conduct business in the State of Mississippi, which does business as Days Inn, and for Complaint against the named Defendant as follows:

## JURY TRIAL DEMANDED

## JURSIDICTION AND VENUE

1. This Court has jurisdiction based upon diversity of citizenship of the parties in the amount in controversy exceeding $75,000.00 consistent with and pursuant to 28 U.S.C. § 11332.

2. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (e)(1)B, in that the property that is the subject of this lawsuit is located in this District.

## PARTIES

3. At all times herein mentioned Plaintiff was and is a Limited Liability Company duly organized and existing under and by virtue of the laws of the State of Mississippi.

4. Upon information and belief, Defendant was and is a foreign corporation with its principal office being in California.

5. Upon information and belief, at all times herein mentioned, Defendant was duly authorized to issue policies of insurance in the State of Mississippi.

## FIRST CAUSE OF ACTION

6. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

7. Heretofore and on or about March 29, 2020, Defendant made and issued its certain policy of insurance bearing number CPARP-20-1004370-01 wherein and whereby it did insure Plaintiff's premises located at 15250 Poole Street, Gulfport, MS 39503 (hereinafter "Subject Premises") in an amount not exceeding $2,137,000.00 on the building.

8. At all times herein mentioned Plaintiff possessed a valid insurable interest with respect to the Subject Premises.

9. On or about October 28, 2020, the aforementioned policy was in full force and effect.

10. On or about October 28, 2020, the Subject Premises was severely damaged by a covered peril under the subject policy.

11. As a result of the foregoing loss, Plaintiff has been damaged in at least the sum of $968,677.97.

12. No part of this sum has been paid, although duly demanded.

## SECOND CAUSE OF ACTION

13. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

14. Defendant wrongfully and in bad faith withheld and delayed payment pursuant to the terms and conditions of the aforesaid insurance policy, without a reasonable basis.

15. Defendant's delay in payment of benefits pursuant to the terms and conditions of the subject policy was with reckless disregard of the contractual rights of the Plaintiff. Such delay was without a reasonable basis and constitutes bad faith as the term "bad faith" is used in all applicable Mississippi law.

16. Defendant has engaged in bad faith conduct, including, but not limited to, the following:

    a. By failing to make a reasonable effort to negotiate the timely settlement of the claim which would allow the Plaintiff to repair its premises and replace its personal property;

    b. By failing to objectively and fairly evaluate the Plaintiff's claim;

    c. By compelling Plaintiff to institute this lawsuit to obtain policy benefits that Defendant should have paid promptly and without the necessity of litigation;

    d. By acting unreasonably and unfairly in response to Plaintiff's claim;

    e. By conducting an unfair, unreasonable, self-serving, and inadequate investigation of the Plaintiff's claim;

    f. By failing to give equal consideration to paying the claim as to not paying the claim;

    g. By engaging in undue delay which caused significant prejudice to the Plaintiff;

    h. By delaying acknowledgement of plaintiff's loss for which coverage was provided by the said insurance policy.

17. Plaintiff has suffered damages as described in the preceding paragraphs of this Complaint due to Defendant's bad faith failure to pay to Plaintiff the monies to which Plaintiff is clearly entitled under Plaintiff's insurance contract with Defendant Policy Number CPARP-20-1004370-01.

18. Defendant has acted in bad faith and with reckless disregard to the rights of Plaintiff in failing to pay Plaintiff's claim in a timely manner pursuant to the terms and conditions of the insurance contract between the parties, Policy Number CPARP-20-1004370-01.

19. The plaintiff is entitled to all compensatory damages provided for by Mississippi law and for punitive damages.

20. This Court should award punitive damages to Plaintiff in an amount sufficient to punish Defendant for its bad faith and reckless disregard of Plaintiff's rights and to deter other similar Defendants from similar acts and omissions.

**Wherefore,** Plaintiff demands a jury trial and judgment in the sum of at least $968,677.97, and for all extra contractual and consequential damages and general damages to which Plaintiff is entitled by law. Plaintiff further demands judgment against Defendant in the nature of punitive damages in an amount sufficient to punish Defendant for its bad faith and reckless disregard of Plaintiff's rights and to deter other similar Defendants from similar acts and omissions.

Plaintiff further demands interest on the aforesaid amounts as allowed by law and that Defendant be ordered to pay all costs of the Court and such other sums as are just and proper in this cause.

          Respectfully Submitted,

By: *Carey R. Varnado*
Carey R. Varnado, Esq.
Attorney for Plaintiff

Document Produced By:
Montague, Pittman & Varnado, P.A.
Carey R. Varnado, Esquire
MSB No. 6593
525 North Main Street,
Hattiesburg, MS 39401
Ph: (601)544-1234
Fax: (601)402-7968
cvarndo@mpvlaw.com

HC/RR;jf
22T1157